1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10   JOSE RAMON ZARAGOZA et al.,          Case No. 5:25-cv-02925-HDV-PVC

11

12              Petitioners,            **TEMPORARY RESTRAINING ORDER**

13

14          v.

15

16   KRISTI NOEM, *Secretary, Department of*
     *Homeland Security,* et al.,

17

18              Respondents.

19

20
21
22
23
24
25
26
27
28

## I. INTRODUCTION

This action involves seven individual Petitioners detained at the Adelanto detention center in pending removal proceedings and charged with having entered the United States without inspection pursuant to 8 U.S.C. Section 1182(a)(6)(C)(i).  All Petitioners have been present and residing in the United States for years and were detained without any opportunity to be heard regarding the revocation of their release or the appropriateness of their detention.  Petitioners have been held in detention without a bond hearing.[1]  This habeas petition followed ("Petition").  [Dkt. 1].

On November 3, 2025, Petitioners Jose Ramon Zaragoza, Andrea Covarrubias Sanchez, David Rodriguez Figueroa, Riquelmi Ivan Linares Cordero, Klibian Glacsira Martinez Silva, Ottoniel Pedro Nicolas, Ottoniel Pedro Nicolas, and Martin Chochoj Tut (collectively, "Petitioners") filed an *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction.  [Dkt. 4].  Before the Court is Petitioners' request for a temporary restraining order ("TRO Application").  For the reasons discussed below, the TRO Application is granted. Respondents are enjoined from continuing to detain Petitioners unless they are provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of this order.

## II. BACKGROUND

### A. Factual Background[2]

#### 1. Petitioner No. 1: Jose Ramon Zaragoza.

Petitioner Jose Ramon Zaragoza is 76 years old and has been detained since June 24, 2025. Petition ¶ 36.  He is being held at the Adelanto immigration detention center pending removal proceedings.  *Id.* ¶ 37.  He is charged with inadmissibility pursuant to 8 U.S.C. Section

---

[1] Petitioner Jose Ramon Zaragoza was originally granted a bond of $10,000 on July 22, 2025, but the Board of Immigration Appeals reversed the order pursuant to the Matter of *YAJURE HURTADO,* 29 I&N Dec. 216 (BIA 2025) on the basis of lack of jurisdiction.  Petition ¶ 38.

[2] At this stage, the facts are taken from the Petition and the exhibits attached thereto.  Respondents do not contest any of these facts in their Opposition to the TRO Application.

1182(a)(6)(A)(i).  *Id.*  On July 22, 2025, he was originally granted a bond of $10,000 but the Board

of Immigration Appeals reversed the order pursuant to the Matter of *YAJURE HURTADO,* 29 I&N

Dec. 216 (BIA 2025) on the basis of lack of jurisdiction. *Id.* ¶ 38.  Mr. Zaragoza is next scheduled

for a hearing in his removal case on December 3, 2025 before an immigration judge. *Id.* ¶ 39.

### 2.  Petitioner No. 2: Andrea Covarrubias Sanchez.

Petitioner Andrea Covarrubias Sanchez is 53 years old and was detained by immigration

authorities on August 13, 2025. *Id.* ¶ 40.  She is being held at the Adelanto immigration detention

center pending removal proceedings and is charged with inadmissibility pursuant to 8 U.S.C. Section

1182(a)(6)(A)(i). *Id.* ¶ 41.  Ms. Covarrubias Sanchez is next scheduled for a hearing in her removal

case on November 25, 2025 before an immigration judge. *Id.* ¶ 43.

### 3.  Petitioner No. 3: David Rodriguez Figueroa.

Petitioner David Rodriguez Figueroa is 48 years old and has lived in Los Angeles, California

for 23 years, since 2002. *Id.* ¶ 44.  He has five United States citizen children and was detained by

immigration authorities on September 9, 2025. *Id.* ¶¶ 44-45.  He is being held at the Adelanto

immigration detention center pending removal proceedings and is charged with inadmissibility

pursuant to 8 U.S.C. Section 1182(a)(6)(A)(i). *Id.* ¶ 45.  On October 16, 2025, his immigration

attorney sought a bond hearing before an immigration judge, however, his request was withdrawn

because the judge stated that she lacked jurisdiction pursuant to the *Matter of YAJURE HURTADO,*

29 I&N Dec. 216 (BIA 2025) on the basis of lack of jurisdiction. *Id.* ¶ 38.  Mr. Rodriguez Figueroa

is next scheduled for a hearing in his removal case on November 4, 2025 before an immigration

judge. *Id.* ¶ 47.

### 4.  Petitioner No. 4: Riquelmi Ivan Linares Cordero.

On October 30, 2025, Petitioner Riquelmi Ivan Linares Cordero was detained by immigration

authorities. *Id.* ¶ 48.  Mr. Linares Cordero, after being found incompetent by the Los Angeles

County Juvenile Court in 2024, was placed in a residential facility for adults with intellectual or

developmental disabilities located in Compton, California. *Id.*  He received mental health treatment

in juvenile hall prior to his placement in the adult residential facility. *Id.* ¶ 49.  After pro bono

1  counsel was appointed on his behalf, Petitioner Linares Cordero applied for asylum and Special

2  Immigrant Juvenile Status.  *Id.* ¶ 50.

3      On April 12, 2024, his Special Immigrant Juvenile Status petition was approved, however, he

4  is not eligible yet to apply for permanent resident status.  *Id.* ¶ 51.  When he appeared with his

5  counsel at the asylum office in Anaheim, California to pick up his asylum decision on October 30,

6  2025, he was detained and taken into immigration custody.  *Id.* ¶ 52.

7      Petitioner Linares Cordero's counsel is concerned about his mental health needs while he is

8  detained and advised Immigration and Customs Enforcement (ICE) of his serious mental health

9  needs.  *Id.* ¶ 53.  His counsel brought his medications from his residential facility to where he was

10 temporarily detained by ICE at the processing center in Santa Ana.  *Id.* ¶.

11     Petitioner Linares Cordero is in pending removal proceedings and is charged with

12 inadmissibility pursuant to 8 U.S.C. Section 1182(a)(6)(A)(i) for entering the U.S. without

13 inspection or admission.  *Id.* ¶ 54.  No hearing date has been set.  *Id.* ¶ 56.

14          **5.   Petitioner No. 5: Klibian Glacsira Martinez Silva.**

15     In August 2022, Petitioner Klibian Glacsira Martinez Silva was placed in removal

16 proceedings and charged with inadmissibility pursuant to 8 U.S.C. Section 1182(a)(6)(A)(i) for

17 entering the U.S. without inspection or admission.  *Id.* ¶ 57.  Ms. Martinez Silva, age 35, was

18 released from immigration custody, but was re-detained by immigration authorities and is being held

19 at the Adelanto immigration detention center.  *Id.* ¶¶ 58-59 Ms. Martinez Silva is next scheduled for

20 a hearing in her removal case on December 15, 2025.  *Id.* ¶ 61.

21          **6.   Petitioner No. 6: Ottoniel Pedro Nicolas.**

22     In January 2022, Petitioner Ottoniel Pedro Nicolas was placed in removal proceedings and

23 charged with inadmissibility pursuant to 8 U.S.C. Section 1182(a)(6)(A)(i) for entering the U.S.

24 without inspection or admission.  *Id.* ¶ 62.  Mr. Nicolas, age 20, was released from immigration

25 custody, but was re-detained by immigration authorities and is being held at the Adelanto

26 immigration detention center.  *Id.* ¶¶ 63-64.  Mr. Nicolas is next scheduled for a hearing in his

27 removal case on November 7, 2025.  *Id.* ¶ 66.

28

7.    **Petitioner No. 7: Martin Chochoj Tut.**

Petitioner Martin Chochoj Tut was placed in removal proceedings on June 28, 2025 and charged with inadmissibility pursuant to 8 U.S.C. Section 1182(a)(6)(A)(i) for entering the U.S. without inspection or admission. *Id.* ¶ 67. Mr. Tut, age 49, was released from immigration custody, but was re-detained by immigration authorities on June 27, 2025. *Id.* ¶ 68. He is being held at the Adelanto immigration detention center and is in pending removal proceedings. *Id.* ¶ 69. Mr. Tut is next scheduled for a hearing in his removal case on November 20, 2025. *Id.* ¶ 71.

**B.    Procedural Background**

On November 3, 2025, Petitioners filed a Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief. [Dkt. 1]. On the same date, Petitioners filed an *Ex Parte* Application for a Temporary Restraining Order (" TRO Application") and Order to Show Cause Re: Preliminary Injunction. [Dkt. 4]. On November 4, 2025, Respondents filed an Opposition to the Application [Dkt. 6] and Petitioners filed a Reply [Dkt. 7].

**III.    LEGAL STANDARD**

The standard for issuing a temporary restraining order is the same as that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *see also Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). To prevail on such a motion, the movant must establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm absent the temporary restraining order, (3) the balance of equities tips in his favor, and (4) a temporary restraining order is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 5, 20 (2008); *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024). Where the non-movant is a government entity, "the third and fourth factors . . . merge." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 695 (9th Cir. 2023) (en banc). In the Ninth Circuit, the *Winter* factors may be evaluated on a sliding scale such that "a stronger showing of one element may offset a weaker showing of another." *Id.* at 684 (citation omitted). "When the balance of equities 'tips sharply in the plaintiff's favor,' the plaintiff must raise only 'serious questions' on the merits—a lesser showing than likelihood of success." *Id.* (citation omitted).

5

## IV.    DISCUSSION

### A.    Jurisdiction

As an initial matter, the government argues that 8 U.S.C. §§ 1252(g) and (b)(9) preclude this Court's review of Petitioners' claims.  Opposition at 5–9.  Section 1252(g) states:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).  Section 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9).

Neither section prohibits the Court from hearing Petitioners' claims here.  The Supreme Court has instructed that both of these jurisdictional bars should be interpreted narrowly.  *See Jennings v. Rodriguez*, 583 U.S. 281, 292–95 (2018) (rejecting an "expansive" and "extreme" interpretation of "arising from" in § 1252(b)(9)); *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482–83 (1999) (similar for § 1252(g)).  Petitioners' are not challenging Respondents' decision to commence proceedings, adjudicate their cases, execute removal orders, or otherwise try to remove them.  They are challenging their detentions on statutory and constitutional due process grounds.  And even if detention is considered "an action taken . . . to remove an alien," 8 U.S.C. § 1252(b)(9), the legal question whether certain statutory provisions require detention and/or bond hearings is "too remote" to fall within the scope of these jurisdictional bars.  *Jennings*, 583 U.S. at 292, 295 n.3.

Recognizing these principles, numerous district courts have rejected the same jurisdictional

1    arguments the government makes here.  *See, e.g.*, *Zaragoza Mosqueda v. Noem*, No. 5:25-cv-02304-

2    CAS-BFM, 2025 WL 2591530, at *2–3 (C.D. Cal. Sept. 8, 2025); *Benitez v. Noem*, No. 5:25-cv-

3    02190-RGK-AS (C.D. Cal. Aug. 26, 2025) [Dkt. 11] at 3–4; *Ceja Gonzalez v. Noem*, No. 5:25-cv-

4    02054-ODW-ADS (C.D. Cal. Aug. 13, 2025) [Dkt. 12] at 3–6; *Maldonado Bautista v. Santacruz Jr.*,

5    No. 5:25-cv-01873-SSS-BFM (C.D. Cal. July 28, 2025) [Dkt. 14] at 4–5; *J.S.H.M. v. Minga*

6    *Wofford*, No. 1:25-CV-01309-JLT-SKO (E.D. Cal. Oct. 16, 2025) [Dkt. 15] at 12; *Chavez v. Noem*,

7    No. 3:25-cv-02325-CAB-SBC (S.D. Cal. Sept. 24, 2025) [Dkt. 8] at 4–6; *Barrajas v. Noem*,

8    No. 4:25-cv-00322-SHL-HCA, 2025 WL 2717650, at *2–3 (S.D. Iowa Sept. 23, 2025); *Garcia*

9    *Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880, at *1–2 (D. Colo. Sept. 16, 2025);

10    *Jose J.O.E. v. Bondi*, No. 25-cv-3051-ECT-DJF, 2025 WL 2466670, at *6–7 (D. Minn. Aug. 27,

11    2025).  This Court finds their reasoning persuasive, and agrees that neither § 1252(g) nor

12    § 1252(b)(9) preclude it from exercising jurisdiction over these Petitions.

13        **B.**    ***Winter* Factors**

14            **1.  Likelihood of Success**

15        The parties' briefs at the TRO stage focus on the question of whether Petitioners are detained

16    pursuant to 8 U.S.C. § 1225(b)(2)(A) or 8 U.S.C. § 1226(a) and thus whether they are entitled to a

17    bond hearing.  *See* Opposition at 9–13; Reply at 3–5.

18        Section 1225(b)(2)(A) provides that non-citizens who are applicants for admission, seeking

19    admission, and not clearly and beyond a doubt entitled to be admitted "shall be detained" for the

20    duration of their immigration proceedings.  8 U.S.C. § 1225(b)(2)(A); *see also id.* § 1225(a)

21    (defining an "applicant for admission" as a non-citizen "present in the United States who has not

22    been admitted or who arrives in the United States").  Section 1226(a), on the other hand, provides

23    that aliens may be either detained or released on bond or conditional parole pending a decision on

24    whether the alien is to be removed from the United States.  "Federal regulations provide that aliens

25    detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at

26    306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

27        The parties dispute which of these two admittedly irreconcilable provisions applies to

28    Petitioners and non-citizens like them, who are physically present within despite never having been

1  lawfully admitted to the United States.  Respondents argue, pursuant to a recent change in policy,

2  that the mandatory detention of § 1225(b)(2)(A) applies; Petitioners maintain that it is instead

3  § 1226(a) that governs.

4         The same question has arisen in many similar cases across the country in recent months.  The

5  vast majority of courts—analyzing the text, structure, agency application, and legislative history of

6  the two statutes—have found that § 1226(a) applies in this scenario.  *See, e.g.*, *Zaragoza Mosqueda*,

7  2025 WL 2591530, at *4–5; *Benitez*, No. 5:25-cv-02190-RGK-AS (C.D. Cal. Aug. 26, 2025) [Dkt.

8  11] at 4–5; *Ceja Gonzalez*, No. 5:25-cv-02054-ODW-ADS (C.D. Cal. Aug. 13, 2025) [Dkt. 12] at 6–

9  9; *Maldonado Bautista*, No. 5:25-cv-01873-SSS-BFM (C.D. Cal. July 28, 2025) [Dkt. 14] at 7–8;

10  *J.S.H.M.*, No. 1:25-CV-01309-JLT-SKO (E.D. Cal. Oct. 16, 2025) [Dkt. 15] at 14–20; *Salcedo*

11  *Aceros v. Kaiser*, No. 25-cv-06924-EMC, 2025 WL 2637503, at *7–12 (N.D. Cal. Sept. 12,

12  2025); *Garcia v. Noem*, No. 25-cv-02180-DMS-MMP, 2025 WL 2549431, at *6 (S.D. Cal. Sept. 3,

13  2025); *Rosado v. Figueroa*, No. 25-CV-02157-PHX-DLR-CDB, 2025 WL 2337099, at *6–11 (D.

14  Ariz. Aug. 11, 2025); *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1255–61 (W.D. Wash. 2025);

15  *Barrajas*, 2025 WL 2717650, at *3–5; *Hasan v. Crawford*, No. 1:25-cv-1408-LMB-IDD, 2025 WL

16  2682255, at *5–9 (E.D. Va. Sept. 19, 2025); *Salazar v. Dedos*, No. 1:25-cv-00835-DHU-JMR, 2025

17  WL 2676729, at *4 (D.N.M. Sept. 17, 2025); *Garcia Cortes*, 2025 WL 2652880, at *2–3; *Pizarro*

18  *Reyes v. Raycraft*, No. No. 25-cv-12546, 2025 WL 2609425, at *4–8 (E.D. Mich. Sept. 9, 2024);

19  *Leal-Hernandez v. Noem*, No. 1:25-cv-02428-JRR, 2025 WL 2430025 (D. Md. Aug. 24, 2025), at

20  *8–10; *Romero v. Hyde*, No.: 1:25-cv-02428-JRR, 2025 WL 2403827, at *8–13 (D. Mass. Aug. 19,

21  2025).[3]

22         The Court is persuaded that the reasoning of these sister courts is correct.  The Court finds

23  that Petitioners are detained under 8 U.S.C. § 1226(a).  *See* TRO Application at 1, 2, 4, 10.  They are

24  _____

25  [3] The Court is also aware of the recent Board of Immigration Appeals' decision in *Matter of Yajure*
26  *Hurtado*, 29 I&N Dec. 216 (BIA 2025), and a district court opinion in *Chavez v. Noem*, 3:25-cv-
    02325-CAB-SBC (S.D. Cal. Sept. 24, 2025) [Dkt. 8] that adopted the government's argument.  For
27  the reasons explained in the thorough opinion in *Salcedo Aceros*, 2025 WL 2637503, at *9–12, the
    Court does not find these two decisions persuasive.

28

1    therefore eligible for a bond hearing under that section.  *See Jennings*, 583 U.S. at 306; 8 C.F.R.

2    §§ 236.1(d)(1), 1236.1(d)(1).  Petitioners have not yet been given that bond hearing, or have had it

3    revoked based on an incorrect interpretation of the law.  Petition ¶¶ 38, 42, 46, 55, 60, 65,

4    70.  Because that failure likely renders their detentions unlawful, the Court finds that Petitioners are

5    likely to succeed on the merits.[4]

6              **2.  Irreparable Harm**

7         "It is well established that the deprivation of constitutional rights 'unquestionably constitutes

8    irreparable injury.'"  *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v.

9    Burns*, 427 U.S. 347, 373 (1976)).  "[U]nlawful detention certainly constitutes 'extreme or very

10   serious'" injury which "is not compensable in damages."  *Hernandez v. Sessions*, 872 F.3d 976, 999

11   (9th Cir. 2017).  Moreover, the Ninth Circuit has recognized the "irreparable harms imposed on

12   anyone subject to immigration detention," including "subpar medical and psychiatric care in ICE

13   detention facilities."  *Id*. at 995.  In light of these irreparable harms, this factor weighs strongly in

14   favor of granting the Motion.

15             **3.  Balance of Equities and Public Interest**

16        Finally, the balance of equities and public interest "tips sharply" in favor of Petitioners.  "[I]t

17   is always in the public interest to prevent the violation of a party's constitutional rights."  *Fellowship

18   of Christian Athletes*, 82 F.4th at 695 (citation omitted); *see also Valle del Sol Inc. v. Whiting*, 732

19   F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest

20   to allow the [government] . . . to violate the requirements of federal law." (citation omitted));

21   *Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) (the government "cannot suffer harm

22   from an injunction that merely ends an unlawful practice").

23

24   ───────────────

25   [4] To the extent another layer of analysis—beyond the question of whether section 1225 or 1226
     governs—is necessary, "the Court again would follow the reasoning of courts across the country that
26   have concluded that an alien in removal proceedings governed by § 1226(a) is entitled under the due
     process clause to an individualized bond hearing."  *Barrajas*, 2025 WL 2717650, at *5; *see, e.g.*,
27   *Salcedo Aceros*, 2025 WL 2637503, at *5–12; *J.S.H.M.*, No. 1:25-CV-01309-JLT-SKO (E.D. Cal.
     Oct. 16, 2025) [Dkt. 15] at 20–24; *Rosado*, 2025 WL 2337099, at *11–15; *Salazar*, 2025 WL
28   2676729, at *5; *Garcia Cortes*, 2025 WL 2652880, at *4.

1    Of course, the government and the public have a significant interest in the "steady

2   enforcement of its immigration laws," Opposition at 13, but that includes an interest in "upholding

3   procedural protections against unlawful detention," *Pinchi v. Noem*, No. 5:25-cv-05632-PCP, 2025

4   WL 2084921, at *7 (N.D. Cal. July 24, 2025) (citation omitted).  Without these procedures, the

5   government cannot guarantee the accuracy of the outcome.  *See Ceesay v. Kurzdorfer*, 781 F. Supp.

6   3d 137, 144 (W.D.N.Y. 2025) ("[F]air process—not just the correct outcome—matters.  After all,

7   without due process, there is no way to tell whether the result is in fact correct.").

8   **V.    CONCLUSION**

9    For the reasons stated herein, Petitioners' TRO Application is granted.  Respondents are

10   hereby enjoined from:

11   • continuing to detain Petitioners unless they are provided with an individualized bond hearing

12    before an immigration judge pursuant to 8 U.S.C. § 1226(a) **within seven days of this**

13    **order**; and

14   • transferring, relocating, or removing Petitioners (including, but not limited to, transferring

15    Petitioners to an ICE facility outside of the Central District or removing Petitioners from the

16    United States) pending Petitioners' bond hearing or release.[5]

17

18

19

20

21

22

23

24   [5] Rule 65(c) requires that, prior to granting injunctive relief, the Court require a movant to pay
security "in an amount that the court considers proper to pay the costs and damages sustained by any
25   party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  "Despite the
seemingly mandatory language, Rule 65(c) invests the district court with discretion as to the amount
26   of security required, if any." *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (citation
omitted).  Accordingly, the Court waives the bond requirement here, as it is unlikely that the
27   government will incur any significant cost and requiring a bond "would have a negative impact on
plaintiff's constitutional rights, as well as the constitutional rights of other members of the public."
28   *Baca v. Moreno Valley Unified Sch. Dist.*, 936 F. Supp. 719, 738 (C.D. Cal. 1996) (citation omitted).

The parties are ordered to file, within ten days of this order, a joint report regarding the status of compliance with this order.

Dated: November 7, 2025

_____
Hernán D. Vera
United States District Judge

11